# EXHIBIT

# A

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re

                                          Case No. 05-80601-WRS
                                          Chapter 13

ALPHA LEE SMITH,

               Debtor.

ALPHA SMITH and
VERA SMITH

              Plaintiffs,

                                          Adv. Pro. No. 06-8017-WRS

      v.

CITIFINANCIAL MORTAGE
COMPANY INC. and FIRST CAPITAL
MORTGAGE CORPORATION,

              Defendants.

### ORDER SETTING TRIAL DATE
### SCHEDULING ORDER

        As announced from the bench at the scheduling conference held June 27, 2006, the following is the schedule of events in this adversary proceeding:

        Discovery shall be completed no later than **September 29, 2006.**

        Counsel for the parties shall exchange and file with the court by **October 13, 2006,** the pretrial disclosures required by Fed. R. Bankr. Proc. 7026(a)(3). Exhibits, depositions, and the testimony of witnesses not so disclosed shall not be admitted into evidence at the trial except for good cause shown.

        Counsel for the parties shall exchange and file with the court by **October 27, 2006,** a list disclosing any objections to the use of depositions or admissibility of exhibits identified or designated under Fed. R. Bankr. Proc. 7026(a)(3). Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.



027398

# EXHIBIT

# B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

IN RE ALPHA LEE SMITH,       )

                        )     **Bankruptcy Case No. 05-80601**

    **Debtor.**           )

---

VERA M. SMITH AND ALPHA SMITH   )

                        )

     **Plaintiffs,**        )

                        )

v.                       )     **Adversary Proceeding**

                       )

FIRST CAPITAL MORTGAGE     )     **No. 06-8017**

CORPORATION, ET AL.,       )

                       )

    **Defendants.**

## DEFENDANT'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION

**COMES NOW** Defendant CitiFinancial Mortgage Company, Inc., f/k/a Associates Home Equity Services, Inc. ("CitiFinancial Mortgage" or "Defendant"), by and through the undersigned counsel, specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, and pursuant to Federal Rules of Civil Procedure 33, 34, and 36, incorporated by Federal Rules of Bankruptcy Procedure 7033, 7034, and 7036, and hereby propounds the following interrogatories, requests for production of documents, and requests for admission to Plaintiffs Vera M. Smith and Alpha Smith ("Plaintiffs"), to be answered in a manner and form provided by law within thirty (30) days after service hereof or within such shorter time as the Court may direct:

## I.    DEFINITIONS

1.    The words "you," "your" and "yours" mean the individual Plaintiffs Vera M. Smith and Alpha Smith answering these interrogatories and responding to these requests, as well as all attorneys, consultants, agents, representatives, and any and all other persons or entities

1491720


Exhibit
B

acting on behalf of or at the direction of Plaintiffs answering these interrogatories and responding to these requests.

2.    "Document(s)" is used in its broadest possible sense, and shall mean all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and whether printed, recorded, created or reproduced by any mechanical means or process, or written or produced by hand, including, but not limited to:  agreements; contracts; drafts of agreements or contracts; written material referencing oral agreements or contracts; confirmatory memoranda; letters of intent; orders; purchase orders; communications; messages; correspondence; personal calendars (whether written, electronic, or computerized); letters; postcards; packages; telegrams; teletypes; telefax; mailgrams; tape recordings; memoranda; diaries (whether written, electronic, or computerized); summaries; notes or other recordings of telephone conversations, personal conversations, meetings, actions or statements; corporate charters, by-laws, minutes, amendments, proposals, directives, prospectuses, or documents of any description evidencing action taken by a corporate entity, business entity or association; deeds, leases, mortgages, security agreements; legal documents of any kind and description; agenda of meetings; notices; records; files; intraoffice and interoffice memoranda and communications; personal memoranda; photographs; negatives; photographic slides; pictures; motion picture films; photographic film; microfilm; microfiche; newspapers; magazines; charts; graphs; diagrams; drawings; bookkeeping entries; account summaries or statements; financial statements; balance sheets; financial records; bills; invoices; orders; receipts; bank records of all types; returns; canceled checks; vouchers; ledger sheets; accounting information; computer print-outs; computer memories; word processing memories; software; reports; official papers; papers prepared in the ordinary course of

business; instruments; chronicles; vouchers; diplomas; stationary; licenses; bills of exchange; bills of sale; logs; theses; circulars; publications; studies; notes of interviews; statements of witnesses; findings of investigations; audits; files; records of negotiation; reports of experts, whether to be called to trial or not; materials furnished to experts, whether to be called to trial or not; reports of consultants, whether to be called to trial or not; any record of any consultation with an expert or potential expert you have elected not to use; all materials furnished to, or notes of, conversations with any witness or person interviewed in connection with this case; personal notes; papers; books; notebooks; notecards, indices; physical objects; summaries; statistics; regression analysis; demographic analysis; market studies; stenographic materials; tapes; cassettes; phonographic records; microcassettes; discs; compact discs; digital audio tapes; digital optical recording; videotapes (VHS, Beta, or other); maps; posters; transparencies; pamphlets; bulletins; posters; fliers; plans; blueprints; drawings; sketches; printed matter; reports; and any and every other written, graphic, mechanical or tangible means by which human intelligence is in any way transmitted, reported, recorded or preserved, as well as worksheets, drafts, alterations, modifications, editing, changes, and amendments to any of the foregoing.

3.    As used herein, the term "communication" means any words heard or spoken, and, including without limitation, words spoken at any meeting, discussion, speech or conversation, including a telephone conversation.

4.    As used herein, the term "person" includes natural persons, corporations, partnerships, associations, ventures, and all other forms of organization or association.

5.    As used herein, the term "Defendant" shall mean Defendant CitiFinancial Mortgage Company, Inc., f/k/a Associates Home Equity Services, Inc., together with its agents, employees, or representatives and all persons acting or purporting to act on its behalf.

6.    As used herein, the term "Complaint" means the Complaint Plaintiffs filed in the Circuit Court of Macon County, Alabama, which suit Defendant removed to the United States Bankruptcy Court for the Middle District of Alabama.

7.    As used herein, the term "Loan" means the loan complained of by the Plaintiffs in their Complaint.

8.    As used herein, the term "Action" means the above-styled matter.

9.    As used herein, the term "Chapter 13 Bankruptcy" shall refer to *In re Alpha Smith*, Case No. 05-80601, in the United States Bankruptcy Court for the Middle District of Alabama.

10.    As used herein, the term "identify" or "identification" means to set forth:

When used with reference to a person;

    a.    Full name;

    b.    Present or last known business address; and if an individual, his present or last known address and telephone number;

When used with reference to a document:

    a.    The date the document bears, or if no such date, the date it was written;

    b.    Name and address of each person who wrote it or participated in the writing of it;

    c.    The name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed;

    d.    The name and address of each person who received a copy of the document;

e.    A description of the document; as for instance, a letter, memorandum, etc.;

f.    Its present location or custodian or if unknown, its last known location or custodian;

g.    The present location or custodian of each copy, or if unknown, its last known location or custodian;

h.    If any document is no longer in plaintiffs' possession, or subject to Plaintiffs' control, state what disposition was made of it, the reason for such disposition and the date thereof.

When used with reference to an oral communication:

a.    The persons participating in such oral communication;

b.    The date, number (e.g., telephone) and place at which each person who participated in or heard the oral communication was located;

c.    A description of the circumstances surrounding the communication as, for instance, meeting, speech, conversation;

d.    The name of each person who was present other than the participants; and

e.    The substance of the oral communication.

When used with reference to  fees:

a.    an itemized description of the fees, charges, costs, or expenses

11.    As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof, including relationship to other events.

12.    As used herein, the term "describe" shall mean to set forth fully and clearly every fact or event of which you have knowledge relevant to the answer called for.

13.    Whenever relevant, words in the singular shall include the plural thereof.

14.    As used herein the term "and" shall include "or," and "or" shall include "and." "All" and "any" shall also mean "any and all."

15.    "Relating to" as used herein means and includes referring to, regarding, commenting on, connected with, bearing on, leading to, dealing with, evidencing, discussing, covering, representing or mentioning, in any way whatsoever, directly or indirectly.

## II.    INSTRUCTIONS

1.    In responding to the following interrogatories and requests, you are requested to set forth all of the information known to you or available to you, including, but not limited to, all relevant and non-privileged information contained in your records or writings or documents in your possession or under your control, and all relevant and non-privileged information known to or in the possession of your attorneys.

2.    In the event you contend that you are unable to answer or respond in full to any interrogatory or request set forth below after exercising due diligence to secure information to do so, state the answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion and detailing what you did in attempting to secure the unknown information.

3.    If you encounter any ambiguity in construing the discovery requests or instructions, set forth the matter deemed "ambiguous" and respond to the request by indicating the construction chosen and used in responding.

4.      In the event that any answer called for by any interrogatory, or document covered by any request, is withheld on the basis of privilege or any similar claim, please furnish a list identifying each answer or document so withheld, together with the following information:

a.      The reason for withholding, and

b.      A statement of facts construing the basis for any claim of privilege, work product or other ground of nondisclosure.

5.      If your answer contains information that is available to you, but not of your personal knowledge, identify the source of such information.

6.      These interrogatories and requests, and all subsequent interrogatories and requests, shall be deemed continuing until and during the course of the Action and trial. Information sought by these interrogatories and requests that you obtain after you serve your responses are requested to be disclosed by a supplemental response without further request.

## III.    INTERROGATORIES

1.      Please state your full name (and every name you have ever been known by), date of birth, social security number, telephone number, present home address, length of residence there and place(s) of residence at the time of answering these Interrogatories and for the preceding 10 years.

**RESPONSE:**


2.      State the level of education completed by you, including the nature of study, years completed, and name and address of institutions where your education was obtained.

**RESPONSE:**

3.    List each and every job that you hold or have held and the name of each employer at the time of answering these Interrogatories and for the preceding 10 years.

**RESPONSE:**


4.    Identify every bank, credit union, stock brokerage or other financial or investment institution or entity with which you have held an account or investment of any type as of the time of answering these Interrogatories and for the preceding 10 years.

**RESPONSE:**


5.    Identify all facts which support the basis of the claims and averments in your Complaint.

**RESPONSE:**


6.    Identify all persons known to you with knowledge of discoverable information regarding any of your claims in this Action, and/or any of the defenses available to Defendant. This request includes, but is not limited to, all persons known to you who were witnesses to any of the events forming the basis of the claims in this Action.

**RESPONSE:**


7.    Identify all documents supporting the claims and averments in your Complaint, including without limitation your allegations in Paragraphs 6, 7, 8, 9 and 10 of the Complaint.

**RESPONSE:**

8.    Identify all fees, charges, assessments, and/or amounts that you contend in the Action Defendant has wrongfully charged to you. For each fee, charge, assessment, or amount you claim was wrongfully charged to you, please state why you contend that the charges should not have been charged to you.

**RESPONSE:**

9.    Identify in detail each and every misrepresentation you allege was made to you by Defendant and/or an agent, employee or other representative of Defendant.

**RESPONSE:**

10.    Identify each and every person from whom you or anyone acting on your behalf (including, without limitation, your attorneys, any investigator working for your attorneys, or you, or any other person) have obtained a statement or affidavit of any type (e.g. written, recorded or otherwise) concerning any fact, matter or event having any connection or relevance whatsoever to the claims or defenses at issue in this Action.

**RESPONSE:**

11.    Please identify any admissions relevant to this Action made by Defendant, or any of its respective current or former employees or agents.

**RESPONSE:**

12.    Identify by full name, business address, business telephone, and residence address all individuals who were present or who overheard any conversations or discussions between you and Defendant and/or any representative of Defendant concerning the subject of this Action.

**RESPONSE:**


13.    Identify each person you expect to call as an expert witness at trial, and as to each such person provide the following:

    (a):    The qualifications of the expert;

    (b):    The subject matter upon which the expert is expected to testify;

    (c):    The substance of the facts and opinions to which the expert is expected to testify:

    (d)    A summary of the grounds for each opinion the expert is expected to express.

**RESPONSE:**


14.    With respect to each expert identified in your response to the foregoing Interrogatory, please identify each document, record, or thing you have made available to such expert for review or consideration with this civil action.

**RESPONSE:**


15.    Identify in detail all damages you have allegedly suffered as a result of the matters alleged in your Complaint and identify all documents that support, reflect, or relate in any way to such alleged damages.

**RESPONSE:**

16.    Identify any contacts and/or communications, whether oral, written, or electronic, which you have had with Defendant or any of its representatives, agents, employees, officers, directors, or attorneys regarding any of the matters the subject of your Complaint, and for each communication, identify:

(a):    The date of the communication;

(b):    The substance of the communication; and

(c):    The name and contact information for the representative, agent, employee, officer, director, or attorney of Defendant with whom you communicated.

**RESPONSE:**


17.    Identify each and every person by name, address, telephone number, and place of employment that will or may be called by you as a witness regarding this Action, and describe specifically the area or areas of expected testimony, and the documents to be relied upon, if any.

**RESPONSE:**


18.    Identify each and every delinquent payment you have made on the Loan at issue in the Action, and for each such delinquent payment, state the amount of time it was delinquent.

**RESPONSE:**


19.    Identify each and every payment you have made on the Loan at issue, to whom it was made, the amount it was for, and when it was made.

**RESPONSE:**

20.    Please state whether you paid the taxes on the property at issue in this Action for each year since the inception of the loan at issue in this case.  If you paid the taxes for some years but not others, identify which years you paid the taxes and which years you did not.

**RESPONSE:**


21.    Please state whether you paid the homeowners insurance on the property at issue in this Action for each year since the inception of the loan at issue in this case.  If you paid the homeowners insurance for some years but not others, identify which years you paid the homeowners insurance and which years you did not.

**RESPONSE:**


22.    Identify all payments that you contend Defendant did not accurately or properly apply regarding your Loan.

**RESPONSE:**


23.    For each payment identified in the preceding Interrogatory No. 22, identify the reason you contend all such payments were not accurately or properly applied.

**RESPONSE:**


24.    Identify each extension, deferment, and/or other continuance on payment you received from Defendant regarding the Loan.

**RESPONSE:**

## IV.    REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    All documents, recorded media, and things which you have identified in your responses to the preceding Interrogatories propounded upon you.

2.    All documents which pertain to any credit or financing obtained by you through Defendant or anyone acting on its behalf, or which pertain to any credit or financing obtained by you and which was assigned or otherwise transferred to Defendant or anyone acting on its behalf, including but not limited to credit applications, loan documents, loan notes, receipts, waivers, disclosure statements, insurance disclosure summaries, payment notices, payment receipts, demands for payment, delinquent notices, settlement statements, UCC forms, property appraisals, security agreements or renewals.

3.    Produce all documents supporting the claims and averments in your Complaint, including without limitation your averments in Paragraphs 6, 7, 8, 9 and 10 of the Complaint.

4.    All documents regarding any and all fees, charges, assessments, and/or amounts that you contend in the Action that Defendant wrongfully charged you.

5.    All documents supporting or evidencing any payments you have made or credit you have been given regarding the Loan, including without limitation all bank statements for accounts on which any check payments you have made on the Loan were drawn and copies of any money orders you have purchased to make any payment on the Loan.

6.    All documents relating to any balance or payoff figure on the Loan, and/or any credits, debits, charges (whether you contend they were lawful or not) on the Loan.

7.    All documents relating to any payments that you have made to the Trustee in the Chapter 13 Bankruptcy.

8.    All documents referenced in the Complaint.

1491720                                    13

9.      All documents which pertain to any contact, correspondence, agreement, or communication, oral or written, between you or any other persons on your behalf, on the one hand, and the Defendant (or any of its predecessors, affiliates or agents) or anyone acting on its behalf, on the other hand, concerning any matters related to the claims or defenses in this Action, including the facts and circumstances underlying them, and/or the Loan.

10.     All documents, recorded media, and things containing or evidencing any admissions by the Defendant (or any of its predecessors, affiliates or agents) or anyone acting on its behalf, including its employees, officers, directors or agents, which are relevant to any matters at issue in this Action.

11.     Produce copies of any other lawsuits filed by you, regardless of who they were filed against, and any lawsuits filed against you, regardless of whom they were filed by.

12.     All documents, recorded media, and things that you may introduce into evidence at the trial in this matter.

13.     All documents, recorded media, and things provided by you or anyone on your behalf to any expert witness, or any other party or individual, regarding any of the allegations, matters, or items in the Action.

14.     All documents, recorded media, and things prepared by or concerning any opinions or reports of expert witnesses who are retained or specifically employed by you to provide expert testimony or whom you expect to call at the trial of this Action, which documents would include all materials referred to or relied upon by any of those expert witnesses.

15.     All documents which evidence or relate to any testimony (including transcripts of previous testimony -- whether in depositions or in trials or in other hearings) provided by any expert witnesses retained or specifically employed by you in this Action.

16.    Your state and federal tax returns, all supporting schedules and documents thereto, your 1099's, W-2's, financial statements, or other similar financial documents created or dated from the time of responding to these Requests for Production and for the preceding 10 years.

17.    All documents sent or given to you by any person not a party to this litigation relating to the facts made the basis of this Action.

18.    Any and all documents authored or prepared by you, including, but not limited to, personal notes, calendars, diaries, or memoranda, whenever prepared, relating to, in whole or in part, your allegations in this Action.

19.    All documents which evidence, pertain, or relate to each and every statement or affidavit of any type (e.g., written, recorded or otherwise) concerning any fact, matter or event having any connections or relevance whatsoever to any aspect of this Action that you or anyone acting on your behalf (including, without limitations your attorneys, any investigator working for your attorneys, or you, or any other person) have obtained from any person.

20.    All documents which evidence or in any way relate to any agreement, whether written or verbal, between you and the Defendant, and/or any employees or agents of Defendant.

21.    All documents evidencing or relating to your payment of the property taxes on the property at issue since the inception of the loan.

22.    All documents evidencing or relating to your payment of the homeowners insurance on the property at issue since the inception of the loan.

23.    All documents evidencing or related to bills or account statements received from Defendant.

24.     All documents that evidence, pertain to, or relate to payments you contend Defendant did not accurately or properly apply regarding your Loan.

25.     All documents that evidence, pertain to, or relate to the reason(s) you contend Defendant did not accurately or properly apply payments regarding your Loan.

25.     All documents that evidence, pertain to, or relate to each and every extension, deferment and/or other continuance on payment you received from Defendant regarding the Loan, including but not limited to extension agreements, deferment agreements, and/or loan modification agreements.

26.     All documents that evidence, pertain to, or relate to all payments you made on the Loan, including all delinquent payments made on the Loan.

27.     All documents which evidence, pertain to, or relate to late payments.

## V.    REQUESTS FOR ADMISSION

1.     Admit that you can read and write.

**RESPONSE:**


2.     Admit that you have made one or more late payments regarding the Loan at issue in the Complaint.

**RESPONSE:**


3.     Admit that you have failed to pay the property taxes for the property that secures the Loan at issue in this case.

**RESPONSE:**

4.      Admit that you have failed to obtain homeowner's insurance for the property that

secures the Loan at issue in this case.

**RESPONSE:**


_____
Reid S. Manley (MAN039)
Glenn E. Glover (GLO005)
Elizabeth B. Shirley (BOS018)

Attorneys    for    Defendant    CitiFinancial
Mortgage Company, Inc.

**OF COUNSEL:**

**BURR & FORMAN LLP**
Wachovia Tower
420 20th Street North, Suite 3100
Birmingham, Alabama 35203
Phone:(205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2006, a copy of the foregoing was sent to the following counsel of record via facsimile and via United States First Class Mail, postage prepaid:

Tyrone C. Means
Charles James, II
Thomas, Means & Gillis & Seay, P.C.
P.O. Drawer 5058
3121 Zelda Court
Montgomery, Alabama 36103-5058
Telephone: (334) 270-1033
Facsimile: (334) 260-9396

OF COUNSEL

# EXHIBIT

# C

## AFFIDAVIT OF ALPHA SMITH

**STATE OF ALABAMA**               )

**MONTGOMERY COUNTY**         )

Before me, the undersigned a Notary Public in and for said State at Large personally came and appeared **ALPHA SMITH** who is known to me, who being duly sworn, deposes and says on oath the following:

"My name is Alpha Smith and I am over 18 years of age. I am a resident of Macon County, Alabama. My wife and I are Plaintiffs in a lawsuit against CitiMortgage that is currently pending in Macon County. I am currently a Chapter 13 debtor in the United States Bankruptcy Court for the Middle District of Alabama (Case No. 05-80601). My wife and I entered into a mortgage with First Capital Mortgage in 1989. The mortgage was later assigned to the Associates, who were acquired by CitiMortgage.

Although I entered into a signature loan with CitiFinancial in 2004, I was under the impression that arbitration would only be binding for that particular transaction. At no time did I ever intend to waive my right to a jury trial for any claims I may have had with respect to the 1989 mortgage. My wife was not a party to the 2004 loan agreement. She did not sign the loan agreement nor the arbitration clause, nor was she a third party beneficiary of the loan.

My wife and I were under the impression that CitiMortgage intended to litigate this action in court. After they unsuccessfully attempted to remove the case to federal court, our expectation was that the case was going to be heard before a Macon County jury as we had originally requested. We have worked with our attorneys for nearly a month, to answer the interrogatories and requests for production sent to us by CitiMortgage. We are aware that our



attorneys have expended a tremendous amount of time and financial resources litigating our case.

We are on a fixed income. Most of our disposable household income is spent funding my confirmed Chapter 13 plan and medications that I need for a heart condition. If we have to arbitrate, our attorneys have informed us that we would be responsible for paying all costs associated with arbitrating our case. If we are required to pay the costs, we would be unable to pursue this claim."

Further Affiant sayeth not.

*ALPHA SMITH*

**ALPHA SMITH**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**STATE OF ALABAMA**            )

**MONTGOMERY COUNTY**        )

I, the undersigned authority, a Notary Public, in and for said State at large, hereby certify that **ALPHA SMITH**, whose name is signed to the foregoing instrument, and who is known to me and acknowledge before me this day, that being informed of the contents thereof, he executed the same voluntarily on the day the same bears the date.

**GIVEN** under my hand and official seal this the 7th day of November, 2006.

NOTARY PUBLIC

My Commission Expires

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Aug 31, 2008
BONDED THRU NO...      ...DERWRITERS

(SEAL)

# EXHIBIT

# D

## AFFIDAVIT OF VERA SMITH

STATE OF ALABAMA                    )

MONTGOMERY COUNTY            )

Before me, the undersigned a Notary Public in and for said State at Large personally came and appeared **VERA SMITH** who is known to me, who being duly sworn, deposes and says on oath the following:

"My name is Vera Smith and I am over 18 years of age. I am a resident of Macon County, Alabama. My husband and I are Plaintiffs in a lawsuit against CitiMortgage that is currently pending in Macon County. My husband and I entered into a 15 year mortgage with First Capital Mortgage in 1989. The mortgage was later assigned to the Associates, who were later acquired by CitiMortgage. I was not a party, nor a third party beneficiary of the 2004 loan transaction between my husband and CitiFinancial. At no time have I ever signed any type of arbitration clause or waived my right to a jury trial with regard any claims.

Since the lawsuit was filed in April 2006, my husband and I have been under the impression that CitiMortgage intended to litigate this action in court. After they unsuccessfully attempted to remove the case to federal court, we fully expected that the case was going to be tried before a Macon County jury as we had originally requested. We have worked with our attorneys for nearly a month, to answer the interrogatories and requests for production sent to us by CitiMortgage. We are aware that our attorneys have expended a tremendous amount of time and financial resources litigating our case.

My husband and I are on a fixed income. Most of our disposable household income is spent funding my husband's confirmed Chapter 13 plan and medications that he needs for a heart condition. If we have to arbitrate, our attorneys have informed us that we would be



responsible for paying all costs associated with arbitrating our case. If we are required to pay the costs, we would be unable to pursue this claim."

Further Affiant sayeth not.

_Vera Smith_
**VERA SMITH**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**STATE OF ALABAMA**                    )

**MONTGOMERY COUNTY**          )

I, the undersigned authority, a Notary Public, in and for said State at large, hereby certify that **VERA SMITH**, whose name is signed to the foregoing instrument, and who is known to me and acknowledge before me this day, that being informed of the contents thereof, he executed the same voluntarily on the day the same bears the date.

**GIVEN** under my hand and official seal this the _7th_ day of November, 2006.

_Jennifer L. Mean_
NOTARY PUBLIC

My Commission Expires:

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Aug 31, 2008
BONDED THRU NOTARY PUBLIC UNDERWRITERS

**(SEAL)**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

|  |  |  |
|---|---|---|
| CITIFINANCIAL MORTGAGE COMPANY, INC., et al.,<br>　　　Plaintiff, | ) ) ) | NOV – 7 2006 |
| vs. | ) ) ) | CLERK |
| ALPHA SMITH and VERA SMITH, | ) ) | CIVIL ACTION NO.: U.S. DISTRICT COURT<br>MIDDLE DIST. OF ALA. |
| 　　　Defendants, | ) ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## PETITION FOR ORDER COMPELLING ARBITRATION

**Come Now** Defendants Alpha and Vera Smith (collectively referred to as "the Smiths") hereby respond to CitiFinancial Mortgage Company, Inc.'s ("CitiMortgage") Petition for Order Compelling Arbitration and move this Honorable Court to deny this petition in its entirety for the reasons set forth below.

### STATEMENT OF THE FACTS

On or about April 11, 1989, the Smiths executed a second mortgage on their home with First Capital Mortgage (hereinafter, "First Capital"), a corporation based in Montgomery County, Alabama. The loan principal was $21,498 at a yearly interest rate of 15.67%, yielding monthly payments in the amount of $312.00 until the debt was to be fully paid on April 17th of 2004. A short time after the inception of the loan, First Capital assigned the Smiths' mortgage to Associates Financial Services. The Smiths paid according to the terms of the agreement. In November 2000, Citigroup acquired Associates Financial Services and the Smiths' mortgage was assigned to CitiMortgage. Both CitiMortgage and First Capital represented to the Smiths that if they abided by the terms of the promissory note, then the mortgage would be paid off by April 17, 2004. In April of 2004, at the end of the loan term, the Smiths discovered that they still owed

over $8,300 to CitiMortgage, even though they had already submitted what was supposed to be the final payment.

On April 18, 2005, Alpha Smith filed a Chapter 13 voluntary petition with the United States Bankruptcy Court for the Middle District of Alabama (hereinafter "Chapter 13 Proceeding"). On April 20, 2005, Alpha Smith filed a proposed Chapter 13 plan of reorganization with the United States Bankruptcy Court for the Middle District of Alabama. In the plan, Mr. Smith listed a secured indebtedness to CitiMortgage in the amount of $10,000 with a contractual payment amount of $312.00. The "Amended Proposed Plan" proposed to pay the indebtedness "outside the plan" directly to Defendant. On that same date, CitiMortgage filed a "Proof of Claim" for $10,156.96, listing a pre-petition arrearage of $514.80, with the United States Bankruptcy Court for the Middle District of Alabama.

On May 6, 2005, CitiMortgage filed an objection to confirmation of the proposed plan. On May 16, 2005, Mr. Smith filed an "Amended Proposed Chapter 13 Plan of Reorganization," listing the secured indebtedness to Defendant in the amount of $10,000 with a contractual payment amount of $289.00, in the United States Bankruptcy Court for the Middle District of Alabama. The amended proposed plan promised to pay the indebtedness "through the plan" at a rate of interest of 15.9%.

On July 27, 2005, the "Amended Proposed Plan" was confirmed by Order of the United States Bankruptcy Court for the Middle District of Alabama. The confirmed plan included a secured claim for CitiMortgage for $10,156.96 with a contractual payment of $289.00 to be paid "through the Plan" at a rate of interest of 15.9%. On February 6, 2006, Vera Smith paid CitiMortgage's claim in full. On March 28, 2006, CitiMortgage drafted a letter that

2

acknowledged full payment of the debt owed by Alpha and Vera Smith with a remittance of $413.71.

On April 17, 2006, the Smiths filed a Complaint in the Circuit Court of Macon County (hereinafter "state law claim"), alleging fraudulent and negligent misrepresentations, promissory fraud, negligence and breach of contract, which are all state law causes of action, against First Capital and CitiFinancial Mortgage Company, Inc. Shortly thereafter, on April 20, 2006, Alpha Smith filed an "Objection to Claim Number 2 Filed By CitiFinancial Mortgage Company" in the United States Bankruptcy Court for the Middle District of Alabama, stating that Vera Smith paid off the account to CitiMortgage and that Alpha Smith's indebtedness to CitiMortgage had been paid in full.

On April 21, 2006, Curtis Reding, the Chapter 13 Trustee, filed a "Claim Reduction" with the United States Bankruptcy Court for the Middle District of Alabama. The letter, dated March 28, 2006, was from CitiFinancial to the Trustee. It stated that Account No. 4144604, in the name of Alpha and Vera Smith, was paid in full as of February 6, 2006. On May 15, 2006, a "Notice of Transfer of Claim" was filed by CitiFinancial with the United States Bankruptcy Court for the Middle District of Alabama.

On May 17, 2006, Defendant, CitiFinancial Mortgage, filed a "Notice of Removal" of the state law claims from Macon County Circuit Court to the United States Bankruptcy Court for the Middle District of Alabama (hereinafter "Adversarial Proceeding"). One week later, on May 23, 2006 the bankruptcy court ordered that Alpha Smith's April 20, 2006, "Objection to Claim Number 2 Filed By CitiFinancial Mortgage Company" was sustained.

In the adversarial proceeding, the Smiths filed a "Memorandum Brief in Support of Motion to Remand" with the United States Bankruptcy Court for the Middle District of Alabama

3

on June 7, 2006. On June 8, 2006, The Trustee filed a "Motion to Modify Debtor's Confirmed

Chapter 13 Plan for Lawsuit Proceeds" which was granted on July 5, 2006. On August 23, 2006,

the United States Bankruptcy Court for the Middle District of Alabama ruled against

CitiMortgage and remanded the proceedings back to the Circuit Court of Macon County,

Alabama. Finally, on October 11, 2006, CitiMortgage filed a Petition For Order Compelling

Arbitration with this Court.

## ARGUMENT

**I.** **There is no diversity of citizenship and CitiMortgage has failed to prove the amount in controversy exceeds $75,000**

A state action is removable under the provisions of 28 U .S.C. § 1332, so long as no two

opposing parties are citizens of the same state, the amount in controversy exceeds $75,000, and

the district court has original jurisdiction over the claim. 28 U.S.C. §1441(a). For removal

purposes, diversity is determined at the time of removal. *University of South Alabama v.

American Tobacco Co.*, 168 F.3d 405,410 (11th Cir. 1999). However, "if at any time before final

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

remanded" to the state court from which it came. 28 U.S.C. §1447(c). The standard of review in

jurisdictional disputes favors plaintiffs. When "deciding a motion to remand where the plaintiff

and defendant disagree on issues of jurisdiction, questions or doubts are to be resolved in favor

of returning the matter to state court." *Burns v. Windsor Ins.*, 31 F.3d 1092, 1095 (11th Cir.

1994).

Subject matter jurisdiction exists in a civil action if the amount in controversy exceeds

$75,000 and the action is between "citizens of different States." 28 U.S.C. § 1332(a)(3). As the

removing party, CitiMortgage bears the burden of establishing subject matter jurisdiction. *Sweet*

4

*Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir.2005). Because the plaintiff's complaint fails to claim a specific amount of damages, CitiMortgage must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Williams v. Best Buy Company, Inc.,* 269 F.3d 1316, 1319 (11th Cir.2001). In determining whether the amount in controversy is satisfied, "a district court may properly consider post-removal evidence." *Sierminski v. Transouth Fin. Corp.,* 216 F.3d 945, 949 (11th Cir.2000). CitiMortgage's petition contains only the conclusory allegation that the jurisdictional amount is satisfied, which fails on its face to satisfy CitiMortgage's burden to prove the requisite amount in controversy. *See Williams,* 269 F.3d at 1319-20.

As the moving party, CitiMortgage must also establish complete diversity of citizenship between each named plaintiff and defendant. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 580 n. 2, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) (citing *Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806)). For establishing complete diversity of citizenship, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Alpha and Vera Smith are resident citizens of Macon County, Alabama. Capital Mortgage, a named Defendant in this lawsuit, is an Alabama corporation, having its principal place of business in Montgomery County, Alabama. CitiMortgage claims alleges that it is a New York corporation, with its principal place of business being located in Missouri. The mortgage was entered into in Alabama. The mortgaged property is located in Macon County, Alabama. For these reasons, CitiMortgage's arguments that complete diversity of citizenship exists and that the amount in controversy exceeds $75,000 fails.

5

## II.    CitiMortgage has waived its right to arbitration

CitiMortgage's conduct during litigation before it filed its Petition For Order Compelling Arbitration constituted a waiver by CitiMortgage of its right to arbitrate.  It is well settled under Alabama law that a party may waive its right to arbitrate a dispute if it substantially invokes the litigation process and thereby substantially prejudices the party opposing arbitration. *Companion Life Ins. Co. v. Whitesell Mfg., Inc.,* 670 So.2d 897, 899 (Ala.1995). "Whether a party's participation in an action amounts to an enforceable waiver of its right to arbitrate depends on whether the participation bespeaks of an intention to abandon the right in favor of the judicial process and, if so, whether the opposing party would be prejudiced by a subsequent order requiring it to submit to arbitration. No rigid rule exists for determining what constitutes a waiver of the right to arbitrate; the determination as to whether there has been a waiver must, instead, be based on the particular facts of each case." See *Ernst & Young, LLP v. Tucker*, 2006 WL 895234 (Ala. 2006), quoting, *Companion Life Ins. Co. v. Whitesell Mfg., Inc.,* 670 So.2d 897, 899 (Ala.1995). *See also Ex parte Allen,* 798 So.2d 668 (Ala.2001), and *Lee v. YES of Russellville, Inc.,* 784 So.2d 1022 (Ala.2000).

The facts in the present case are analogous to those in *Ocwen Loan Servicing, LLC v. Washington,* 2006 WL 672845 (Ala. 2006).  In *Ocwen,* a mortgage servicing company was sued in state court by a mortgagor who brought numerous claims related to her mortgage loan.  The mortgage company attempted to remove the case to federal court but the action was remanded to state court.  Two months after the case was remanded, the mortgage company filed a motion to compel arbitration.  The Alabama Supreme Court found that the mortgage company's actions during litigation constituted a waiver of its right to bring arbitration. *Id.*

6

The Smith's filed their Complaint in the Circuit Court of Macon County, Alabama on April 17, 2006. Much like the mortgage company in *Ocwen*, CitiMortgage filed an answer and notice of removal to federal court. Like the Plaintiff in *Ocwen*, the Smiths prevailed in federal court and had their case remanded back to state court on August 23, 2006. CitiMortgage did not file its Petition For Order Compelling Arbitration until October 11, 2006, nearly two months after the case was remanded and nearly six months after the commencement of the litigation.

Furthermore, CitiMortgage has substantially litigated this matter. They agreed to abide by the scheduling order issued by the United States Bankruptcy Court for the Middle District of Alabama (*See* Scheduling Order from United States Bankruptcy Court for the Middle District of Alabama, attached hereto as Exhibit A) and had initiated the discovery process (*See* Exhibit B, attached hereto as Defendant's First Interrogatories and Requests for Production). The Smiths have expended a great amount of time and financial resources litigating this case in both state and federal court. (*See* Affidavits Alpha and Vera Smith, attached hereto as Exhibits C and D, respectively). After the case was remanded, the Smiths fully expected that they would be able to litigate this matter in Macon County Circuit Court. *Id.* The Smiths have answered the interrogatories and requests for production propounded to them by CitiMortgage. To force the Smiths to arbitration after CitiMortgage has forum shopped for nearly seven months would go against all notions of fairness and justice.

**III.    At no time did the Smiths ever agree to arbitrate claims or controversies arising out of the 1989 mortgage that is the subject of the Complaint.**

Under Alabama law, "Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *Ex parte Lovejoy*, 790 So. 2d 933, 937 (Ala. 2000). When determining whether parties agree to arbitrate a certain matter courts generally apply ordinary state law principles that govern the formation of contracts.

7

*Oakwood Mobile Homes, Inc. v. Barger*, 773, So. 2d 454,459 (Ala. 2000). In Alabama, the elements of a contract include an offer, an acceptance, consideration and mutual assent to terms essential to the formation of a contract. *Southern Energy Homes, Inc. v. Hennis*, 776 So. 2d 105, 108 (Ala. 2000). Assent must be manifested by something and is ordinarily manifested by a signature. *Id.*

In the present case, the Smiths did not at any time submit to arbitrate any of the claims detailed herein and in the Complaint. Therefore, the Smiths should not be bound by it. Essentially, CitiMortgage is attempting to base their motion to compel arbitration on an unrelated loan agreement that was executed between its parent company, Citifinancial Corporation, LLC, and Alpha Smith, nearly fifteen years after the mortgage that is the subject of the Complaint was initiated.

### IV.    Vera Smith was a non-signatory to the arbitration agreement

Even if this Court finds that Alpha Smith's claims are due to be arbitrated, it must find that Vera Smith was a non-party to the 2004 loan transaction and her claims are not subject to the arbitration. Someone who is not a party to contract cannot be bound by contract. *Ex parte Dickinson*, 711 So.2d 984 (Ala.1998). Furthermore, a party cannot be required to submit to arbitration any dispute he has not agreed to submit. *Id.*

CitiMortgage has moved to compel arbitration, relying on the arbitration provision of Mr. Smith's 2004 loan agreement with CitiFinancial. That provision provided, in relevant part:

> Definitions for Arbitration Agreement. As used in this Arbitration Agreement ("Agreement"), the following definitions will apply:
> **"You" or "Your" means any or all of Borrower(s) listed above** and Non-Obligors(s) who execute the Note, and their heirs, survivors, assigns, and representatives.

(*See* CitiMortgage's Exhibit 1 to Exhibit A, attached to Petition For Order Compelling Arbitration)(emphasis added).

8

The contract specified that the word "You" or "Your" referred to the borrower, Alpha Smith. *Id.* Alpha Smith is the sole borrower and CitiFinancial Corporation, LLC is listed as the lender. *Id.* Vera Smith is not named as a borrower, in fact, her name does not appear anywhere in the loan agreement or the arbitration agreement. *Id.* She did not execute the note and did not act in the capacity of an heir, survivor, assign or representative of Alpha Smith. Vera Smith's signature is nowhere on the 2004 loan document and she is not designated as a third party beneficiary. *Id.*

It is a fundamental tenet of Alabama law that the purpose of a signature is to show mutuality and assent. *In re Knepp,* 229 B.R. 821 (Bankr. N.D. Ala. 1999). Despite CitiMortgage's position that Vera Smith was a third party beneficiary to the 2004 loan agreement, they have presented no evidence to support that tenuous argument. Vera Smith never knowingly and voluntarily waived her Constitutional right to a trial by jury on the issues presented in her Complaint against CitiMortgage. CitiMortgage has failed to show any evidence that Alpha Smith and CitiFinancial intended to allow non-signatories to arbitrate claims arising from the loan transaction, and therefore Vera Smith should not be forced to arbitrate her claims against CitiMortgage. *Med Center Cars, Inc. v. Smith,* 727 So.2d 9 (Ala. 1998).

**V.    To force the Smiths to arbitrate their claims is unconscionable**

Compelling the Smiths to arbitrate their claims against CitiMortgage would be unconscionable. In determining whether an arbitration clause is unconscionable, Alabama courts utilize four factors: (1) whether there is an absence of meaningful choice on one party's part; (2) whether the contractual terms are unreasonably favorable to one party; (3) whether there was unequal bargaining power among the parties; and (4) whether there were oppressive, one-sided, or unfair terms in the contract. *Rollins, Inc. v. Foster,* 991 F.Supp. 1426, 1434 (M.D.Ala.1998).

9

In the present case, all four *Rollins* factors are present. There was an absence of meaningful choice on the Smith's part, particularly with respect to the non-party to the contract, Mrs. Smith. The contractual terms are unreasonably favorable to CitiFinancial and CitiMortgage. The Smiths are being forced to arbitrate their state law claims on a contract that came into existence some fifteen years after the original mortgage was initiated. In addition, the Smiths are being denied their right to a trial by jury. There was unequal bargaining power among the parties, as the only way that Alpha Smith could receive the 2004 loan was to sign the arbitration agreement. CitiFinancial would not process the loan if Mr. Smith refused to sign the arbitration agreement. The terms of the arbitration agreement were oppressive, one-sided and unfair. CitiMortgage is attempting to force the Smith to arbitrate their dispute when at no time did they ever execute any agreement to arbitrate disputes arising out of the 1989 mortgage. Moreover, forcing Mrs. Smith to arbitration is Draconian considering that she never signed an arbitration agreement.

In *Knepp*, the Court held that forcing a Chapter 13 debtor to arbitrate his claims against a creditor would be unconscionable and created an inherent conflict between the Bankruptcy Code and the FAA. *In re Knepp*, 229 B.R. 821 (Bankr. N.D. Ala. 1999). Like the Plaintiff in *Knepp*, Alpha Smith is still a Chapter 13 debtor. Under the holding in *Knepp*, debtors in bankruptcy cannot afford arbitration proceedings and money the debtor would have to spend on arbitration will result in less money to fund the debtor's confirmed plan and to pay creditors. The Smiths cannot afford to pay the costs of arbitration because all of their disposable household income is being spent funding Alpha Smith's confirmed Chapter 13 plan and healthcare costs. (Exhibits C & D, Smith Affidavits).

10

### VI.    The Smiths never waived their right to a jury trial

The right to a jury trial is guaranteed by both the Alabama state constitution and the Constitution of the United States. *Knepp* at 840.   Any waiver of this right must be clear and explicit. *Id.* In their original Complaint Alpha and Vera Smith requested a jury trial.   At no time have they explicitly or impliedly waived their request for a jury trial against CitiMortgage. (Exhibits C &D, Smith Affidavits).

### VII.    Conclusion

For the above stated reasons, CitiMortgage's Petition For Order Compelling Arbitration Complaint is due to be denied, and this case should be allowed to proceed in the Circuit Court of Macon County, Alabama.

Respectfully submitted,

TYRONE C. MEANS (MEA003)
CHARLES JAMES, II (JAM028)
Attorneys for Alpha Smith and
Vera Smith

**OF COUNSEL:**
**THOMAS, MEANS, GILLIS & SEAY, P.C.**
Post Office Drawer 5058
3121 Zelda Court
Montgomery, Alabama 36103-5058
Tel: (334) 270-1033
Fax: (334) 260-9396

11

## CERTIFICATE OF SERVICE

I, Charles James, II, certify that I have served a copy of the foregoing on the parties listed below by electronic mail, facsimile or by placing same in the United States Mail, postage prepaid and properly addressed, this the 7th day of November, 2006.

Curtis C. Reding, Esq.
Post Office Box 173
Montgomery, AL  36101

Charles M. Ingrum, Esq.
Debtor's Bankruptcy Attorney
PO Box 142
Opelika, AL 36803-0142

Glen E. Glover, Esq.
Reid S. Manley, Esq.
Burr & Forman, LLP
420 20th St. North, Suite 3100
Birmingham, AL 35203-5206

OF COUNSEL

12