**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

# NOTICE OF CORRECTION

From:   Clerk's Office

**Case Style: Citifinancial Mortgage Company, Inc. v. Smith et al**

**Case Number:   3:06-cv-00899-MHT**

**Referenced Pleading:   Response/ANSWER to Complaint  - doc. 7**

**This Notice of Correction was filed in the referenced case this date to correct the PDF documents attached to this notice.  Please see the correct PDF documents to this notice.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CITIFINANCIAL MORTGAGE COMPANY, INC., et al., | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO.: 3:06cv899-MHT |
| ALPHA SMITH and VERA SMITH, | ) ) | |
| Defendants, | ) | |

**RECEIVED NOV -7 2006 CLERK U.S. DISTRICT COURT MIDDLE DIST. OF ALA.**

### DEFENDANTS' RESPONSE TO PLAINTIFF'S PETITION FOR ORDER COMPELLING ARBITRATION

**Come Now** Defendants Alpha and Vera Smith (collectively referred to as "the Smiths") hereby respond to CitiFinancial Mortgage Company, Inc.'s ("CitiMortgage") Petition for Order Compelling Arbitration and move this Honorable Court to deny this petition in its entirety for the reasons set forth below.

### STATEMENT OF THE FACTS

On or about April 11, 1989, the Smiths executed a second mortgage on their home with First Capital Mortgage (hereinafter, "First Capital"), a corporation based in Montgomery County, Alabama. The loan principal was $21,498 at a yearly interest rate of 15.67%, yielding monthly payments in the amount of $312.00 until the debt was to be fully paid on April 17th of 2004. A short time after the inception of the loan, First Capital assigned the Smiths' mortgage to Associates Financial Services. The Smiths paid according to the terms of the agreement. In November 2000, Citigroup acquired Associates Financial Services and the Smiths' mortgage was assigned to CitiMortgage. Both CitiMortgage and First Capital represented to the Smiths that if they abided by the terms of the promissory note, then the mortgage would be paid off by April 17, 2004. In April of 2004, at the end of the loan term, the Smiths discovered that they still owed

over $8,300 to CitiMortgage, even though they had already submitted what was supposed to be the final payment.

On April 18, 2005, Alpha Smith filed a Chapter 13 voluntary petition with the United States Bankruptcy Court for the Middle District of Alabama (hereinafter "Chapter 13 Proceeding"). On April 20, 2005, Alpha Smith filed a proposed Chapter 13 plan of reorganization with the United States Bankruptcy Court for the Middle District of Alabama. In the plan, Mr. Smith listed a secured indebtedness to CitiMortgage in the amount of $10,000 with a contractual payment amount of $312.00. The "Amended Proposed Plan" proposed to pay the indebtedness "outside the plan" directly to Defendant. On that same date, CitiMortgage filed a "Proof of Claim" for $10,156.96, listing a pre-petition arrearage of $514.80, with the United States Bankruptcy Court for the Middle District of Alabama.

On May 6, 2005, CitiMortgage filed an objection to confirmation of the proposed plan. On May 16, 2005, Mr. Smith filed an "Amended Proposed Chapter 13 Plan of Reorganization," listing the secured indebtedness to Defendant in the amount of $10,000 with a contractual payment amount of $289.00, in the United States Bankruptcy Court for the Middle District of Alabama. The amended proposed plan promised to pay the indebtedness "through the plan" at a rate of interest of 15.9%.

On July 27, 2005, the "Amended Proposed Plan" was confirmed by Order of the United States Bankruptcy Court for the Middle District of Alabama. The confirmed plan included a secured claim for CitiMortgage for $10,156.96 with a contractual payment of $289.00 to be paid "through the Plan" at a rate of interest of 15.9%. On February 6, 2006, Vera Smith paid CitiMortgage's claim in full. On March 28, 2006, CitiMortgage drafted a letter that

2

acknowledged full payment of the debt owed by Alpha and Vera Smith with a remittance of $413.71.

On April 17, 2006, the Smiths filed a Complaint in the Circuit Court of Macon County (hereinafter "state law claim"), alleging fraudulent and negligent misrepresentations, promissory fraud, negligence and breach of contract, which are all state law causes of action, against First Capital and CitiFinancial Mortgage Company, Inc. Shortly thereafter, on April 20, 2006, Alpha Smith filed an "Objection to Claim Number 2 Filed By CitiFinancial Mortgage Company" in the United States Bankruptcy Court for the Middle District of Alabama, stating that Vera Smith paid off the account to CitiMortgage and that Alpha Smith's indebtedness to CitiMortgage had been paid in full.

On April 21, 2006, Curtis Reding, the Chapter 13 Trustee, filed a "Claim Reduction" with the United States Bankruptcy Court for the Middle District of Alabama. The letter, dated March 28, 2006, was from CitiFinancial to the Trustee. It stated that Account No. 4144604, in the name of Alpha and Vera Smith, was paid in full as of February 6, 2006. On May 15, 2006, a "Notice of Transfer of Claim" was filed by CitiFinancial with the United States Bankruptcy Court for the Middle District of Alabama.

On May 17, 2006, Defendant, CitiFinancial Mortgage, filed a "Notice of Removal" of the state law claims from Macon County Circuit Court to the United States Bankruptcy Court for the Middle District of Alabama (hereinafter "Adversarial Proceeding"). One week later, on May 23, 2006 the bankruptcy court ordered that Alpha Smith's April 20, 2006, "Objection to Claim Number 2 Filed By CitiFinancial Mortgage Company" was sustained.

In the adversarial proceeding, the Smiths filed a "Memorandum Brief in Support of Motion to Remand" with the United States Bankruptcy Court for the Middle District of Alabama

on June 7, 2006. On June 8, 2006, The Trustee filed a "Motion to Modify Debtor's Confirmed Chapter 13 Plan for Lawsuit Proceeds" which was granted on July 5, 2006. On August 23, 2006, the United States Bankruptcy Court for the Middle District of Alabama ruled against CitiMortgage and remanded the proceedings back to the Circuit Court of Macon County, Alabama. Finally, on October 11, 2006, CitiMortgage filed a Petition For Order Compelling Arbitration with this Court.

## ARGUMENT

### I. There is no diversity of citizenship and CitiMortgage has failed to prove the amount in controversy exceeds $75,000

A state action is removable under the provisions of 28 U.S.C. § 1332, so long as no two opposing parties are citizens of the same state, the amount in controversy exceeds $75,000, and the district court has original jurisdiction over the claim. 28 U.S.C. §1441(a). For removal purposes, diversity is determined at the time of removal. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). However, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to the state court from which it came. 28 U.S.C. §1447(c). The standard of review in jurisdictional disputes favors plaintiffs. When "deciding a motion to remand where the plaintiff and defendant disagree on issues of jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court." *Burns v. Windsor Ins.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Subject matter jurisdiction exists in a civil action if the amount in controversy exceeds $75,000 and the action is between "citizens of different States." 28 U.S.C. § 1332(a)(3). As the removing party, CitiMortgage bears the burden of establishing subject matter jurisdiction. *Sweet*

4

*Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir.2005). Because the plaintiff's complaint fails to claim a specific amount of damages, CitiMortgage must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319 (11th Cir.2001). In determining whether the amount in controversy is satisfied, "a district court may properly consider post-removal evidence." *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir.2000). CitiMortgage's petition contains only the conclusory allegation that the jurisdictional amount is satisfied, which fails on its face to satisfy CitiMortgage's burden to prove the requisite amount in controversy. *See Williams*, 269 F.3d at 1319-20.

As the moving party, CitiMortgage must also establish complete diversity of citizenship between each named plaintiff and defendant. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 580 n. 2, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) (citing *Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806)). For establishing complete diversity of citizenship, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Alpha and Vera Smith are resident citizens of Macon County, Alabama. Capital Mortgage, a named Defendant in this lawsuit, is an Alabama corporation, having its principal place of business in Montgomery County, Alabama. CitiMortgage claims alleges that it is a New York corporation, with its principal place of business being located in Missouri. The mortgage was entered into in Alabama. The mortgaged property is located in Macon County, Alabama. For these reasons, CitiMortgage's arguments that complete diversity of citizenship exists and that the amount in controversy exceeds $75,000 fails.

## II. CitiMortgage has waived its right to arbitration

CitiMortgage's conduct during litigation before it filed its Petition For Order Compelling Arbitration constituted a waiver by CitiMortgage of its right to arbitrate. It is well settled under Alabama law that a party may waive its right to arbitrate a dispute if it substantially invokes the litigation process and thereby substantially prejudices the party opposing arbitration. *Companion Life Ins. Co. v. Whitesell Mfg., Inc.*, 670 So.2d 897, 899 (Ala.1995). "Whether a party's participation in an action amounts to an enforceable waiver of its right to arbitrate depends on whether the participation bespeaks of an intention to abandon the right in favor of the judicial process and, if so, whether the opposing party would be prejudiced by a subsequent order requiring it to submit to arbitration. No rigid rule exists for determining what constitutes a waiver of the right to arbitrate; the determination as to whether there has been a waiver must, instead, be based on the particular facts of each case." See *Ernst & Young, LLP v. Tucker*, 2006 WL 895234 (Ala. 2006), quoting, *Companion Life Ins. Co. v. Whitesell Mfg., Inc.*, 670 So.2d 897, 899 (Ala.1995). *See also Ex parte Allen*, 798 So.2d 668 (Ala.2001), and *Lee v. YES of Russellville, Inc.*, 784 So.2d 1022 (Ala.2000).

The facts in the present case are analogous to those in *Ocwen Loan Servicing, LLC v. Washington*, 2006 WL 672845 (Ala. 2006). In *Ocwen*, a mortgage servicing company was sued in state court by a mortgagor who brought numerous claims related to her mortgage loan. The mortgage company attempted to remove the case to federal court but the action was remanded to state court. Two months after the case was remanded, the mortgage company filed a motion to compel arbitration. The Alabama Supreme Court found that the mortgage company's actions during litigation constituted a waiver of its right to bring arbitration. *Id.*

The Smith's filed their Complaint in the Circuit Court of Macon County, Alabama on April 17, 2006. Much like the mortgage company in *Ocwen*, CitiMortgage filed an answer and notice of removal to federal court. Like the Plaintiff in *Ocwen*, the Smiths prevailed in federal court and had their case remanded back to state court on August 23, 2006. CitiMortgage did not file its Petition For Order Compelling Arbitration until October 11, 2006, nearly two months after the case was remanded and nearly six months after the commencement of the litigation.

Furthermore, CitiMortgage has substantially litigated this matter. They agreed to abide by the scheduling order issued by the United States Bankruptcy Court for the Middle District of Alabama (*See* Scheduling Order from United States Bankruptcy Court for the Middle District of Alabama, attached hereto as Exhibit A) and had initiated the discovery process (*See* Exhibit B, attached hereto as Defendant's First Interrogatories and Requests for Production). The Smiths have expended a great amount of time and financial resources litigating this case in both state and federal court. (*See* Affidavits Alpha and Vera Smith, attached hereto as Exhibits C and D, respectively). After the case was remanded, the Smiths fully expected that they would be able to litigate this matter in Macon County Circuit Court. *Id.* The Smiths have answered the interrogatories and requests for production propounded to them by CitiMortgage. To force the Smiths to arbitration after CitiMortgage has forum shopped for nearly seven months would go against all notions of fairness and justice.

### III. At no time did the Smiths ever agree to arbitrate claims or controversies arising out of the 1989 mortgage that is the subject of the Complaint.

Under Alabama law, "Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *Ex parte Lovejoy*, 790 So. 2d 933, 937 (Ala. 2000). When determining whether parties agree to arbitrate a certain matter courts generally apply ordinary state law principles that govern the formation of contracts.

7

*Oakwood Mobile Homes, Inc. v. Barger*, 773, So. 2d 454,459 (Ala. 2000). In Alabama, the elements of a contract include an offer, an acceptance, consideration and mutual assent to terms essential to the formation of a contract. *Southern Energy Homes, Inc. v. Hennis*, 776 So. 2d 105, 108 (Ala. 2000). Assent must be manifested by something and is ordinarily manifested by a signature. *Id.*

In the present case, the Smiths did not at any time submit to arbitrate any of the claims detailed herein and in the Complaint. Therefore, the Smiths should not be bound by it. Essentially, CitiMortgage is attempting to base their motion to compel arbitration on an unrelated loan agreement that was executed between its parent company, Citifinancial Corporation, LLC, and Alpha Smith, nearly fifteen years after the mortgage that is the subject of the Complaint was initiated.

### IV. Vera Smith was a non-signatory to the arbitration agreement

Even if this Court finds that Alpha Smith's claims are due to be arbitrated, it must find that Vera Smith was a non-party to the 2004 loan transaction and her claims are not subject to the arbitration. Someone who is not a party to contract cannot be bound by contract. *Ex parte Dickinson*, 711 So.2d 984 (Ala.1998). Furthermore, a party cannot be required to submit to arbitration any dispute he has not agreed to submit. *Id.*

CitiMortgage has moved to compel arbitration, relying on the arbitration provision of Mr. Smith's 2004 loan agreement with CitiFinancial. That provision provided, in relevant part:

> Definitions for Arbitration Agreement. As used in this Arbitration Agreement ("Agreement"), the following definitions will apply:
> **"You" or "Your" means any or all of Borrower(s) listed above** and Non-Obligors(s) who execute the Note, and their heirs, survivors, assigns, and representatives.

(*See* CitiMortgage's Exhibit 1 to Exhibit A, attached to Petition For Order Compelling Arbitration)(emphasis added).

The contract specified that the word "You" or "Your" referred to the borrower, Alpha Smith. *Id.* Alpha Smith is the sole borrower and CitiFinancial Corporation, LLC is listed as the lender. *Id.* Vera Smith is not named as a borrower, in fact, her name does not appear anywhere in the loan agreement or the arbitration agreement. *Id.* She did not execute the note and did not act in the capacity of an heir, survivor, assign or representative of Alpha Smith. Vera Smith's signature is nowhere on the 2004 loan document and she is not designated as a third party beneficiary. *Id.*

It is a fundamental tenet of Alabama law that the purpose of a signature is to show mutuality and assent. *In re Knepp,* 229 B.R. 821 (Bankr. N.D. Ala. 1999). Despite CitiMortgage's position that Vera Smith was a third party beneficiary to the 2004 loan agreement, they have presented no evidence to support that tenuous argument. Vera Smith never knowingly and voluntarily waived her Constitutional right to a trial by jury on the issues presented in her Complaint against CitiMortgage. CitiMortgage has failed to show any evidence that Alpha Smith and CitiFinancial intended to allow non-signatories to arbitrate claims arising from the loan transaction, and therefore Vera Smith should not be forced to arbitrate her claims against CitiMortgage. *Med Center Cars, Inc. v. Smith,* 727 So.2d 9 (Ala. 1998).

V.   **To force the Smiths to arbitrate their claims is unconscionable**

Compelling the Smiths to arbitrate their claims against CitiMortgage would be unconscionable. In determining whether an arbitration clause is unconscionable, Alabama courts utilize four factors: (1) whether there is an absence of meaningful choice on one party's part; (2) whether the contractual terms are unreasonably favorable to one party; (3) whether there was unequal bargaining power among the parties; and (4) whether there were oppressive, one-sided, or unfair terms in the contract. *Rollins, Inc. v. Foster,* 991 F.Supp. 1426, 1434 (M.D.Ala.1998).

In the present case, all four *Rollins* factors are present. There was an absence of meaningful choice on the Smith's part, particularly with respect to the non-party to the contract, Mrs. Smith. The contractual terms are unreasonably favorable to CitiFinancial and CitiMortgage. The Smiths are being forced to arbitrate their state law claims on a contract that came into existence some fifteen years after the original mortgage was initiated. In addition, the Smiths are being denied their right to a trial by jury. There was unequal bargaining power among the parties, as the only way that Alpha Smith could receive the 2004 loan was to sign the arbitration agreement. CitiFinancial would not process the loan if Mr. Smith refused to sign the arbitration agreement. The terms of the arbitration agreement were oppressive, one-sided and unfair. CitiMortgage is attempting to force the Smith to arbitrate their dispute when at no time did they ever execute any agreement to arbitrate disputes arising out of the 1989 mortgage. Moreover, forcing Mrs. Smith to arbitration is Draconian considering that she never signed an arbitration agreement.

In *Knepp*, the Court held that forcing a Chapter 13 debtor to arbitrate his claims against a creditor would be unconscionable and created an inherent conflict between the Bankruptcy Code and the FAA. *In re Knepp*, 229 B.R. 821 (Bankr. N.D. Ala. 1999). Like the Plaintiff in *Knepp*, Alpha Smith is still a Chapter 13 debtor. Under the holding in *Knepp*, debtors in bankruptcy cannot afford arbitration proceedings and money the debtor would have to spend on arbitration will result in less money to fund the debtor's confirmed plan and to pay creditors. The Smiths cannot afford to pay the costs of arbitration because all of their disposable household income is being spent funding Alpha Smith's confirmed Chapter 13 plan and healthcare costs. (Exhibits C & D, Smith Affidavits).

10

### VI. The Smiths never waived their right to a jury trial

The right to a jury trial is guaranteed by both the Alabama state constitution and the Constitution of the United States. *Knepp* at 840. Any waiver of this right must be clear and explicit. *Id.* In their original Complaint Alpha and Vera Smith requested a jury trial. At no time have they explicitly or impliedly waived their request for a jury trial against CitiMortgage. (Exhibits C &D, Smith Affidavits).

### VII. Conclusion

For the above stated reasons, CitiMortgage's Petition For Order Compelling Arbitration Complaint is due to be denied, and this case should be allowed to proceed in the Circuit Court of Macon County, Alabama.

Respectfully submitted,

_____
TYRONE C. MEANS (MEA003)
CHARLES JAMES, II (JAM028)
Attorneys for Alpha Smith and
Vera Smith

**OF COUNSEL:**
**THOMAS, MEANS, GILLIS & SEAY, P.C.**
Post Office Drawer 5058
3121 Zelda Court
Montgomery, Alabama 36103-5058
Tel: (334) 270-1033
Fax: (334) 260-9396

## CERTIFICATE OF SERVICE

  I, Charles James, II, certify that I have served a copy of the foregoing on the parties listed below by electronic mail, facsimile or by placing same in the United States Mail, postage prepaid and properly addressed, this the 7th day of November, 2006.

Curtis C. Reding, Esq.
Post Office Box 173
Montgomery, AL 36101

Charles M. Ingrum, Esq.
Debtor's Bankruptcy Attorney
PO Box 142
Opelika, AL 36803-0142

Glen E. Glover, Esq.
Reid S. Manley, Esq.
Burr & Forman, LLP
420 20th St. North, Suite 3100
Birmingham, AL 35203-5206

_____
OF COUNSEL