IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CITIFINANCIAL MORTGAGE COMPANY, INC., n/k/a CITIMORTGAGE, INC.,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>ALPHA SMITH and VERA M. SMITH,  )<br>)<br>Defendants.  ) | CIVIL ACTION NO.:<br>CV: 3:06cv899-MHT |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND MEMORANDUM IN SUPPORT THEREOF

**COMES NOW** plaintiff CitiFinancial Mortgage Company, Inc. n/k/a CitiMortgage, Inc. ("CitiFinancial"), and hereby moves this honorable Court for an Order compelling Equifax, TransUnion and Experian to respond to CitiFinancial's Subpoenas for Production of Documents pursuant to Fed. R. Civ. P. 45. For the following reasons, CitiFinancial's motion is due to be granted:

### I. FACTUAL BACKGROUND

On April 17, 2006, Alpha and Vera Smith filed an action against CitiFinancial and "The Associates"[1] in the Circuit Court of Macon County. In their lawsuit, Alpha and Vera Smith assert claims against CitiFinancial based on a loan transaction they entered into with First Capital Mortgage Corporation ("First Capital") that was ultimately assigned to CitiFinancial.

On October 5, 2006, CitiFinancial filed this action pursuant to Sections 2, 3, and 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq*. In this action, CitiFinancial seeks an Order compelling defendants Alpha and Vera Smith ("Defendants") to submit to binding

---

[1] The correct name for "The Associates" is Associates Home Equity Services, Inc., which later became known as CitiFinancial Mortgage Company, Inc.

arbitration any and all claims they may have against CitiFinancial, pursuant to the parties' arbitration agreement entered into on March 11, 2004, between Alpha Smith and CitiFinancial Corporation, LLC, an affiliate of Plaintiff CitiFinancial Mortgage.  Vera Smith claims against CitiFinancial are due to be arbitrated because she is a third party beneficiary to the March 11, 2004 loan transaction and her claims are inextricably intertwined with Alpha Smith's.

On April 13, 2007, CitiFinancial issued subpoenas for Production of Documents upon Experian, Equifax and TransUnion.  (True and correct copies of the subpoenas, with redactions of personal information, are attached hereto as Exhibit A.)  Defendants did not object to the issuance of these subpoenas.

CitiFinancial received letters from Equifax, TransUnion and Experian dated April 19, 2007, April 23, 2007 and April 23, 2007, respectively, all informing CitiFinancial that a court order was required before they could produce the requested documents.  (True and correct copies of the correspondence are attached hereto as Exhibit B.)

## II. ARGUMENT

Rule 45 of the Federal Rules of Civil Procedure governs the discovery of non-parties by subpoena.  *See* Fed. R. Civ. P. 45.  Rule 26(b) permits the discovery of any non-privileged material "that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b).  Moreover the "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*; *see also*, 9A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2459 (2d ed. 2007) ("The scope of production under a subpoena that is incorporated by the reference in Rule 45 to Rule 26(b) is exceedingly broad.")

The documents requested in CitiFinancial's subpoena to the credit reporting agencies seek credit reports relating to Defendants.  The production of these documents will assist in

establishing that the proceeds from the March 11, 2004 loan were used to pay off joint accounts that both Defendants were mutually obligated to pay, thereby, providing a direct benefit to Vera Smith. Accordingly, the documents requested by CitiFinancial from the credit reporting agencies are directly related to the claims in this matter (Defendants' claims are subject to arbitration) and CitiFinancial should be entitled to obtain and view the requested documents.

### III. CONCLUSION

For the foregoing reasons, CitiFinancial's motion compelling Equifax, TransUnion and Experian to respond to CitiFinancial's Subpoenas for Production of Documents Pursuant to Fed. R. Civ. P. 45 is due to be granted. Accordingly, this Court should enter an Order compelling Equifax, TransUnion and Experian to produce the documents requested in CitiFinancial's Subpoena for Records within ten (10) days after being served with a copy of the Order.

Respectfully submitted,

s/ Alan D. Leeth
Reid S. Manley (MAN039)
Alan D. Leeth (LEE038)
Elizabeth B. Shirley (BOS018)

Attorneys for Plaintiff
CITIFINANCIAL MORTGAGE COMPANY, INC., N/K/A
CITIMORTGAGE, INC.

**OF COUNSEL:**

BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

1564452                                      3

## CERTIFICATE OF SERVICE

      I hereby certify that on the 30th day of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all properly registered parties and to the extent they are not registered with the Court's ECF system, they have been served by directing same to their office addresses via first-class, United States mail, postage prepaid:

Tyrone C. Means  
Charles James, II  
Thomas, Means & Gillis & Seay, P.C.  
P.O. Drawer 5058  
3121 Zelda Court  
Montgomery, Alabama 36103-5058  

Latonya Munson  
Custodian of Records  
Equifax Information Services, LLC  
P.O. Box 105139  
Atlanta, Georgia 30348  

TransUnion LLC  
Law Department  
555 West Adams  
Chicago, Illinois 60661  

Rick V. Haas  
Custodian of Records  
Consumer Affairs Special Services  
Experian  
P.O. Box 1240  
Allen, Texas 75013  

                                                  s/ Alan D. Leeth  
                                                  OF COUNSEL

AO 88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

Citifinancial Mortgage Company, Inc., n/k/a
Citimortgage, Inc.,

                    Plaintiff,                      SUBPOENA IN A CIVIL CASE

                    v.                              CASE NUMBER: 3:06cv899-MHT[1]

Alpha Smith and Vera M. Smith,

                    Defendant.

**TO:** Custodian of Records
Experian Information Solutions, Inc.
c/o C T Corporation System
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE EXHIBIT "A"**

| PLACE<br>Burr & Forman, LLP<br>420 North 20th Street, Suite 3400<br>Birmingham, Alabama 35203 | DATE AND TIME<br>May 3, 2007  10:00 AM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) _(signature)_             Attorney for Plaintiff | DATE<br>April 13, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Alan D. Leeth, Esq. Burr & Forman, LLP 420 North 20th Street, Suite 3400, Birmingham, Alabama 35203 (205) 251-3000

(See Rule 45, Federal Rules Civil Procedure, Subdivisions (c), (d) and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state di

AO 88(Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |
| SERVED ON (PRINT NAME) |  | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) |  | TITLE |

### Declaration of Server

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE          SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivision (c), (d) and (e), as amended December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises -- or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection, copying, testing, or sampling commanded.
  (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without under hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

  (1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (B) If a subpoena does not specify the form or forms for production electronically stores information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
  (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
  (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cots. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
  (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause of for failure to obeys exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# Exhibit "A"

1. A complete and accurate credit report relating to Vera M. Smith, ███████████ ███████████ and any and all documents pertaining to Vera M. Smith from the time period beginning January 1, 2002 through the present.

2. All credit reports or documents relating to credit reports for Vera M. Smith, ███████ ███████████████ from January 1, 2002 to the present.

3. A complete and accurate credit report relating to Alpha L. Smith, ███████████, ███████████ and any and all documents pertaining to Alpha L. Smith from the time period beginning January 1, 2002 through the present.

4. All credit reports or documents relating to credit reports for Alpha L. Smith, ████ ███████████████ from January 1, 2002 to the present.

5. Any and all electronically stored information data relating to Vera M. Smith and Alpha L. Smith.

6. Any and all correspondence between Experian Information Solutions, Inc. and Vera M. Smith and/or Alpha L. Smith.

1559916

## **CERTIFICATE**

I hereby certify that the attached is a true and complete copy of the records pertaining to _____, kept in the office of _____, in my custody, and I am the legal custodian and keeper of said records. I further certify that said records were made in the regular course of business, and that it was in the regular course of said office for such records to be made at the time of the events, transactions or occurrences to which they refer or within a reasonable time thereafter.

SIGNED this _____ day of _____, 2007.


_____
CUSTODIAN OF RECORDS


Sworn to and subscribed before me this
_____ day of _____, 2007.



_____
Notary Public

My commission expires: _____

1470943

AO 88(Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

Citifinancial Mortgage Company, Inc., n/k/a
Citimortgage, Inc.,

            Plaintiff,

            v.

Alpha Smith and Vera M. Smith,

            Defendant.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 3:06cv899-MHT[1]

TO: Custodian of Records
Equifax, Inc.
c/o Prentice-Hall Corporation System, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE EXHIBIT "A"**

| PLACE | DATE AND TIME |
|---|---|
| Burr & Forman, LLP<br>420 North 20th Street, Suite 3400<br>Birmingham, Alabama 35203 | May 3, 2007  10:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *[signature]*  Attorney for Plaintiff | DATE<br>April 13, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Alan D. Leeth, Esq.  Burr & Forman, LLP 420 North 20th Street, Suite 3400, Birmingham, Alabama 35203  (205) 251-3000

(See Rule 45, Federal Rules Civil Procedure, Subdivisions (c), (d) and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 12/06) Subpoena in a Civil Case

|  | **PROOF OF SERVICE** |  |
|---|---|---|
|  | DATE | PLACE |
| SERVED |  |  |
| SERVED ON (PRINT NAME) |  | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) |  | TITLE |

### Declaration of Server

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE            SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivision (c), (d) and (e), as amended December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises – or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection, copying, testing, or sampling.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held,
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without under hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for production electronically stores information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or costs. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause of for failure to obeys exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## Exhibit "A"

1. A complete and accurate credit report relating to Vera M. Smith, ███████, ███████ and any and all documents pertaining to Vera M. Smith from the time period beginning January 1, 2002 through the present.

2. All credit reports or documents relating to credit reports for Vera M. Smith, DOB ███████ from January 1, 2002 to the present.

3. A complete and accurate credit report relating to Alpha L. Smith, ███████ ███████ and any and all documents pertaining to Alpha L. Smith from the time period beginning January 1, 2002 through the present.

4. All credit reports or documents relating to credit reports for Alpha L. Smith, ███ ███████ from January 1, 2002 to the present.

5. Any and all electronically stored information data relating to Vera M. Smith and Alpha L. Smith.

6. Any and all correspondence between Equifax, Inc. and Vera M. Smith and/or Alpha L. Smith.

1559916

## **CERTIFICATE**

I hereby certify that the attached is a true and complete copy of the records pertaining to _____, kept in the office of _____, in my custody, and I am the legal custodian and keeper of said records. I further certify that said records were made in the regular course of business, and that it was in the regular course of said office for such records to be made at the time of the events, transactions or occurrences to which they refer or within a reasonable time thereafter.

SIGNED this _____ day of _____, 2007.

_____
CUSTODIAN OF RECORDS

Sworn to and subscribed before me this
_____ day of _____, 2007.


_____
Notary Public

My commission expires: _____

1470943

AO 88(Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

Citifinancial Mortgage Company, Inc., n/k/a
Citimortgage, Inc.,

                Plaintiff,          **SUBPOENA IN A CIVIL CASE**

               v.          CASE NUMBER: 3:06cv899-MHT[1]

Alpha Smith and Vera M. Smith,

                Defendant.

TO:  Custodian of Records
      Trans Union, LLC.
      c/o Prentice-Hall Corporation System, Inc.
      150 S. Perry Street
      Montgomery, Alabama 36104

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE EXHIBIT "A"

| PLACE<br>Burr & Forman, LLP<br>420 North 20th Street, Suite 3400<br>Birmingham, Alabama | DATE AND TIME<br>May 3, 2007  10:00 AM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)            *[signature]*      Attorney for Plaintiff | DATE<br>April 13, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Alan D. Leeth, Esq.  Burr & Forman, LLP  420 North 20th Street, Suite 3400, Birmingham, Alabama 35203  (205) 251-3000

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88(Rev. 12/06) Subpoena in a Civil Case

(See Rule 45, Federal Rules Civil Procedure, Subdivisions (c), (d) and (e), on next page)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## Declaration of Server

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE                            SIGNATURE OF SERVER

                                              ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivision (c), (d) and (e), as amended December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held,
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without under hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for production electronically stores information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cots. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause of for failure to obeys exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# Exhibit "A"

1.  A complete and accurate credit report relating to Vera M. Smith, ███████ ███████ and any and all documents pertaining to Vera M. Smith from the time period beginning January 1, 2002 through the present.

2.  All credit reports or documents relating to credit reports for Vera M. Smith, ███████ ███████ from January 1, 2002 to the present.

3.  A complete and accurate credit report relating to Alpha L. Smith, ███████ ███████ and any and all documents pertaining to Alpha L. Smith from the time period beginning January 1, 2002 through the present.

4.  All credit reports or documents relating to credit reports for Alpha L. Smith, ███████ ███████ from January 1, 2002 to the present.

5.  Any and all electronically stored information data relating to Vera M. Smith and Alpha L. Smith.

6.  Any and all correspondence between Trans Union, LLC and Vera M. Smith and/or Alpha L. Smith.

1559916

## **CERTIFICATE**

I hereby certify that the attached is a true and complete copy of the records pertaining to _____, kept in the office of _____, in my custody, and I am the legal custodian and keeper of said records. I further certify that said records were made in the regular course of business, and that it was in the regular course of said office for such records to be made at the time of the events, transactions or occurrences to which they refer or within a reasonable time thereafter.

SIGNED this _____ day of _____, 2007.


_____
CUSTODIAN OF RECORDS


Sworn to and subscribed before me this
_____ day of _____, 2007.



_____
Notary Public

My commission expires: _____

1470943

**EQUIFAX**

OFFICE OF CONSUMER AFFAIRS

48957

April 19, 2007

Equifax Information Services LLC
P.O Box 105139
Atlanta, Georgia 30348
(800) 846-5279
FAX (678) 795-7954

**Burr & Forman, LLP**
Attn: Alan D. Leeth
420 North 20th Street
3400 Wachovia Tower
Birmingham, AL 35203

RE:   Subpoena for Credit Report – Vera M. Smith and Alpha L. Smith

To Whom It May Concern:

Equifax Information Services LLC ("Equifax") is a consumer reporting agency regulated by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. Section 1681, et seq. Under this law, consumer reporting agencies can only provide copies of consumer credit reports in very limited circumstances, i.e., where there is a "permissible purpose" under the statute. The permissible purpose under the FCRA applicable to this situation permits consumer reports to be provided "in response to the order of a court." In this regard, the Federal Trade Commission and many courts have taken the position that a subpoena not signed by a judge is not a court order as required by the statute. The Federal Trade Commission issued their opinion in the Friday, May 4, 1990 issue of the **Federal Register** stating that "a subpoena is an order of the court" for purposes of providing a permissible purpose under the FCRA *only if it is signed by a judge.*

In applying the law to the above referenced subpoena, it does not contain a judge's signature and accordingly is not a court order which would permit us to provide copies of the credit report(s) requested. We request that the subpoena be *signed by a judge or you provide us with a written notarized authorization* from the applicable consumer(s) so that you may receive a copy of the requested credit report(s).

Please be assured of our willingness to cooperate in this matter, and upon being served with *a judge signed court order or authorization* from the applicable consumer(s), Equifax will make copies of the report(s) available. The court order or authorization can be mailed directly to me at the above address. If you pursue one of the options outlined in this letter, please make sure that any court order or authorization directs your request for production to Equifax Information Services LLC.

If you have any questions, please contact me.

Sincerely,

*[signature]*

Latonya Munson
Custodian of Records

RECEIVED
APR 2 4 2007
ALAN LEETH

EXHIBIT
B



**TransUnion**

555 West Adams
Chicago, IL 60661
Tel: 312 985-3978
Fax: 312 985-2030
E-mail: subpoenamail@transunion.com

# Facsimile

| To: Alan Leeth | From: TransUnion |
|---|---|
| Fax #: 12054585100 | Fax #: |
| Company: Burr & Forman | Tel #: |

| Subject: Unable to Comply | |
|---|---|
| Sent: 4/23/2007 at 9:18:24 AM | Pages: 8 (including cover) |

## MESSAGE:

TransUnion is in receipt of the subpoena(s) you served on our office for certain records pertaining to the above mentioned. The only such records in the possession of Trans Union would be the credit report(s) of this/these individual(s), and I regret that, due to the constraints of federal law, we are legally unable to provide the document(s) requested.

Please be advised that the Federal Fair Credit Reporting Act, 15 U.S.C. 1681, prohibits Consumer Reporting Agencies, such as Trans Union, from issuing credit reports unless a permissible purpose, as set forth in Section 604 of that law, exists. While the FCRA allows us to issue a consumer report in response to a court order, the Federal Trade Commission, which is responsible for enforcing the FCRA, has ruled that a subpoena is not a court order; and to produce a consumer credit report in response to a subpoena would be a violation of federal law.

We would be able to provide you with the credit report(s) you have requested if you obtain a court order, the consent of the consumer(s) who is/are the subject(s) of the report(s), or if you can demonstrate another permissible purpose as set forth in the statute. If you can do one of those, we will minimally need the subject's full name(s), last known address(es) including zip code, and Social Security Number(s) to search our files. Any additional identification information is also helpful, such as date of birth, previous addresses, and aliases. To expedite this process, I have enclosed the basic format guidelines for submitting future subpoena requests to TransUnion. If you have any questions or need additional clarification, please contact the TransUnion Subpoena Hotline at (312) 985-3978.

Sincerely,
Trans Union LLC
Law Department

**Confidentiality Notice**
This facsimile and the documents accompanying this facsimile contain information that may be confidential and privileged, and exempt from disclosure under applicable law. The information is intended to be for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and prohibited. If you have received this facsimile in error, please notify us by collect telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.

WinFax PRO Cover Page



April 23, 2007

Experian
P.O. Box 1240
Allen, TX 75013

www.experian.com

Alan D. Leeth
Burr & Forman, LLP
420 North 20th St., Suite 3400
Birmingham, AL  35203

RE:  Subpoenas for the credit records of Alpha Smith and Vera M. Smith
     Case No. 3:06cv899-MHT

Dear Mr. Leeth:

Experian is unable to comply with the request as issued. The Fair Credit Reporting Act states: A consumer reporting agency may furnish a consumer report under the following circumstances and no other:

> (1) In response to the order of a court
> having jurisdiction to issue such an order,
> or a subpoena issued in connection with
> proceedings before a Federal Grand Jury.

15 U.S.C. §1681b (1). This matter was also addressed in In Re TRW Credit Data, 98 Misc. 2d 940, 415 N.Y.S.2d 196 (1979), which held that a subpoena is not a court order unless it is signed by a judge. Further, the Federal Trade Commission has held that a subpoena, including a grand jury subpoena, is not an 'order of a court' unless signed by a judge. 55 Fed. Reg. 18806 (May 4, 1990).

As I am sure you can appreciate, Congress realized that consumer privacy would be compromised if any attorney or individual could issue a subpoena (or arrange to have the clerk of court issue a subpoena) for the production of a document containing confidential financial information about his or her client's opponent, the other side's witnesses, or other persons whose relevance to the pending litigation is known only to the person requesting the information. Congress therefore mandated that a credit report cannot be furnished unless a court has balanced the consumer's right to privacy with the need for the disclosure of the information in the particular case.

We want to cooperate with you, but if we furnish the requested credit report(s) without an order signed by the court, we can be sued for violating the Fair Credit Reporting Act.

**RECEIVED**

**APR 3 0 2007**

**ALAN LEETH**



Alan D. Leeth
Burr & Forman, LLP
April 23, 2007
Page Two


Accordingly, Experian cannot comply with the subpoena for credit records unless a court order is issued. Further, unless I hear to the contrary from you, I will assume that Experian's appearance will not be required as we are unable to produce the requested documents without a court order. **We will respond immediately to a subpoena signed by a judge or magistrate.**

Please do not hesitate to call me if you have further questions regarding this matter.

Sincerely,

*Rick V. Haas*

Rick V. Haas
Custodian of Records
Consumer Affairs Special Services
972 390 4079