IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CITIFINANCIAL MORTGAGE COMPANY, INC., <br>     Plaintiff, <br><br> vs. <br><br> ALPHA SMITH and VERA SMITH, <br><br>     Defendants, | ) <br> ) <br> ) <br> ) <br> )     CV : 3:06cv899-MHT <br> ) <br> ) <br> ) <br> ) |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

**Come Now** Defendants Alpha and Vera Smith (collectively referred to as "Defendants"), and hereby respond to Plaintiff CitiFinancial Mortgage Company, Inc.'s (hereinafter "Plaintiff") Motion to Compel Discovery from Equifax, Transunion and Experian (hereinafter collectively referred to as the "credit reporting agencies"). Plaintiff's Motion is due to be denied for the following reasons:

### I. BACKGROUND

Defendants, Alpha and Vera Smith, filed suit in this matter in the Circuit Court of Macon, Alabama on April 17, 2006, alleging state law claims of fraudulent and negligent misrepresentation, promissory fraud, negligence and breach of contract against First Capital Mortgage and CitiFinancial Mortgage Company, Incorporated (hereinafter "CitiMortgage"). On May 17, 2006, Plaintiff, filed a "Notice of Removal" of the state law claims from Macon County Circuit Court to the United States Bankruptcy Court for the Middle District of Alabama. On August 23, 2006, the United States Bankruptcy Court for the Middle District of Alabama ruled against Plaintiff and remanded the

proceedings back to the Circuit Court of Macon County, Alabama. On October 11, 2006, CitiMortgage filed a "Petition For Order Compelling Arbitration with this Court." On November 7, 2006, Defendants filed their "Response to Plaintiff's Petition For Order Compelling Arbitration." Plaintiff then filed a "Motion for Summary Judgment as to Defendant Alpha Smith" and supporting brief on December 29, 2006. Defendants filed their "Response to Summary Judgment as to Defendant Alpha Smith" on January 22, 2007. In both of their responses, Defendants steadfastly maintained that their claims are not due to be arbitrated and that Vera Smith never signed an arbitration agreement with Plaintiff, or any of its affiliates, subsidiaries or predecessors in interest. On April 13, 2007, Plaintiff issued subpoenas upon the credit reporting agencies. The credit reporting agencies refused to comply with Plaintiff's request for production of documents without a court order.

## II. ARGUMENT

Under the Federal Fair Credit Reporting Act ("FCRA"), access to consumer reports is limited to parties having a legitimate interest in obtaining the information. *See* 15 U.S.C.A. § 1681b. The willful or negligent failure to comply with any of the FCRA's requirements may give rise to civil liability. *See* 15 U.S.C.A. §§ 1681n-1681p. Under the Purpose clause, the relevant "communication of information" is not a "consumer report" unless it is "used or expected to be used or collected" either (1) to "serv[e] as a factor in establishing the consumer's eligibility" for credit, insurance or employment; or (2) for "other purpose[s] authorized under section 1681b.... " 15 U.S.C.A. § 1681a(d)(1).

2

The FCRA seeks to maintain the confidentiality of information that qualifies as a "consumer report." *Yang v. Government Employees Ins. Co.*, 146 F.3d 1321, C.A.11 (Ga.), 1998.

Section 1681b(a) of the FCRA provides the permissible purposes of consumer reports. It states:

> *[A]ny consumer reporting agency may furnish a consumer report under the following circumstances and no other:*
>
> *(1) In response to the order of a court....*
> *(2) In accordance with the written instructions of the consumer to whom it relates.*
> *(3) To a person which it has reason to believe-*
> *(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or*
> *(B) intends to use the information for employment purposes; or*
> *(C) intends to use the information in connection with the underwriting of insurance involving the consumer; or*
> *(D) intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or*
> *(E) intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or*
> *(F) otherwise has a legitimate business need for the information-*
> *(i) in connection with a business transaction that is initiated by the consumer; or*
> *(ii) to review an account to determine whether the consumer continues to meet the terms of the account.*
> *(4) In response to a request by the head of a State or local child support enforcement agency....*
> *(5) To an agency administering a State plan ... for use to set an initial or modified child support award.*

*Yang* at 146 F.3d 1323-1324, *quoting* 15 U.S.C.A. § 1681b(a).

3

In Plaintiff's Motion to Compel, Plaintiff attempts to persuade the Court that it is entitled to the production of Defendants' credit information pursuant to Federal Rules of Civil Procedure 26(b). Under Rule 26(b)(1) parties may only obtain discovery regarding matters that are "relevant to the claim or defense of any party." *See* Fed. R. Civ. P. 26(b)(1). Although information need not be admissible at trial to be discoverable, it still must be "relevant" information and must be "reasonably calculated to lead to the discovery of admissible evidence." *Id.* Plaintiff's request for access to Defendants' credit information is totally irrelevant and immaterial to and beyond the proper scope of the claims and defenses of this litigation.

In a feeble attempt to stay in federal court, Plaintiff has unconvincingly maintained that Vera Smith was a third part beneficiary of a signature loan obtained by her husband, Alpha Smith. This argument is tenuous, at best, and is not supported by the facts in this case. Although this case was originally filed in Macon County Circuit Court, most notably on the state law claims of fraud and breach of contract, Plaintiff has literally forum shopped this case in various federal venues for over a year. Plaintiff is presently before this Court seeking to compel Defendants to arbitrate their claims. To this point, the Plaintiff has failed to produce a scintilla of evidence that sustains their supposition that Vera Smith was a third party beneficiary of the loan between Alpha Smith and Plaintiff and that her claims are subject to arbitration. Plaintiff unreasonably and without substantiation, asserts that Vera Smith personally profited from a loan taken out, without her knowledge, by her husband. Discovery of her credit history is not likely to lead to the discovery of admissible evidence to support such a tenuous allegation.

The FCRA reflects Congress's concern with the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *Yang* at 1323. Plaintiff's request for the credit information is merely an attempt to bully, vex, embarrass and harass the Defendants. Because Plaintiff seeks Defendants' credit information to intimidate, to engage in a fishing expedition, and to pursue information that is not only privileged, but plainly is not relevant to the subject matter of this litigation, protection is most appropriate.

### III. CONCLUSION

Plaintiff's Motion to Compel the production of Defendants' credit information is due to be denied. Plaintiff is not classified as a party to whom a credit report can be lawfully issued under 15 U.S.C.A. § 1681b(a). Defendants' credit information is federally protected and has no bearing on this litigation whatsoever. Therefore, this Court should rule that the sought after information is impermissible discovery.

Moreover, this case is due to be remanded to Macon County Circuit Court and Plaintiff's pending motion for summary judgment should be denied. The authority is overwhelming that arbitration agreements will not be enforced against a party who has not agreed to arbitrate a dispute. Defendants also request an equitable award of attorneys' fees. Under 28 U.S.C. §1447(c), "an order remanding a case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." Plaintiff removed this case seeking to enforce arbitration against both Defendants despite the fact that various courts around the United States have rejected the same argument.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's Motion to Compel Discovery and furthermore, remand this case to the Circuit Court for Macon County, Alabama, and award the Defendants their attorney's fees for filing this motion.

> Respectfully Submitted,
>
> /s/ Charles James, II
> TYRONE C. MEANS (MEA003)
> CHARLES JAMES, II (JAM028)
> *Attorneys for Defendants*

**OF COUNSEL:**
**THOMAS, MEANS, GILLIS & SEAY, P.C.**
Post Office Drawer 5058
3121 Zelda Court
Montgomery, Alabama 36103-5058
Tel: (334) 270-1033
Fax: (334) 260-9396

## CERTIFICATE OF SERVICE

  I hereby certify that on May 16, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system to all registered parties who should receive electronic notice. All parties not registered with CM/ECF have been served the same via first, class United States mail, postage prepaid:

Reid S. Manley
Elizabeth B. Shirley
Alan D. Leeth
Burr & Forman, LLP
420 20th St. North, Suite 3100
Birmingham, AL 35203-5206

Rick V. Haas
Custodian of Records
Consumer Affairs Special Services
Experian
Post Office Box 1240
Allen, Texas 75013

LaTonya Munson
Custodian of Records
Equifax Information Services, LLC
Post Office Box 105139
Atlanta, Georgia 30348

TransUnion, LLC
Law Department
555 West Adams
Chicago, Illinois 60661

               /s/ Charles James, II
               **OF COUNSEL**